## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TRAFFIC TECH, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-7528 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| JARED KREITER and TOTAL ) | |
| TRANSPORATION NETWORK, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant/Counter-Plaintiff Jared Kreiter filed a two-count counterclaim [100] against Plaintiff/Counter-Defendant Traffic Tech, Inc., alleging that Traffic Tech violated the Illinois Wage Payment & Collections Act and breached the terms of Kreiter's employment agreement. Now before the Court is Traffic Tech's motion to strike or dismiss Kreiter's counterclaim [108]. For the reasons set forth, Traffic Tech's motion [108] is denied.

**I.      Background**

The Court set forth the facts of the parties' dispute in its Memorandum Opinion and Order dated December 18, 2015 [113]. In short, Traffic Tech alleges that its former employee, Jared Kreiter, misappropriated its confidential and proprietary business information, and that Kreiter's new employer, Total Transport Network, is now exploiting that information for its benefit. In its third amended complaint [80], Traffic Tech alleged violations of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.*, as well as the common law doctrines of breach of contract, breach of fiduciary duty, tortious interference with contract, and unjust enrichment. Traffic Tech also filed a motion for preliminary injunction, seeking to enjoin Kreiter and his new employer from continuing to use and disclose its confidential information and from stealing its

customers. Defendants opposed the preliminary injunction, and moved to dismiss all claims. The Court denied Defendant Total Transport's motion to dismiss, denied in part and granted in part Defendant Kreiter's motion to dismiss, and denied Plaintiff's motion for preliminary injunction. [See 113.]

Defendant Kreiter also filed a counterclaim against Traffic Tech [100], alleging that Traffic Tech's failure to pay him the "excess commission" that he earned while employed by Traffic Tech constituted a violation the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*,[1] and a breach of the terms of his employment agreement.[2] Now before the Court is Traffic Tech's motion to strike or dismiss that counterclaim [108].

## II. Legal Standard

Traffic Tech moved to strike Kreiter's counterclaim as premature pursuant to Federal Rule of Civil Procedure 12(f), and to dismiss Kreiter's counterclaim for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Traffic Tech has since withdrawn its motion to strike, acknowledging that the counterclaim is no longer premature. [See 123, at 1 n.1.] Thus, the only relevant legal standard pertains to Traffic Tech's motion to dismiss Kreiter's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] The Illinois Wage Payment and Collection Act "provide[s] employees with a cause of action for the timely and complete payment of earned wages or financial compensation," including "earned commissions." *Majmudar v. House of Spices (India), Inc.*, 1 N.E.3d 1207, 1210 (Ill. App. Ct. 2013) (citing 820 ILCS 115/2); see also *Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 310 (7th Cir. 2011) ("The Wage Act's purpose is to 'protect[] employees in Illinois from being stiffed by their employers.'" (quoting *Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998))). If the employer is not organized and headquartered in Illinois (Traffic Tech self-identifies as a Canadian company [see 80, ¶ 1]), the employee must establish that the employer engages in "substantial in-state activity" in order to show that it is an Illinois employer for purposes of IWPCA. See, *e.g. Duberville v. WMG, Inc.*, 2015 WL 186834, at *5–7 (N.D. Ill. Jan. 13, 2015). Traffic Tech did not raise this argument in its motion to dismiss, so the Court will not address it here.

[2] While Kreiter's claims both arise out of state law, the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in dispute exceeds $75,000.

2

In reviewing the sufficiency of a counterclaim, a district court must accept all well-pled facts as true and draw all permissible inferences in favor of the counter-plaintiff. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). The Federal Rules of Civil Procedure require only that a counterclaim provide the counter-defendant with "fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court has described this notice-pleading standard as requiring a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While factual allegations must be accepted as true, legal conclusions may not be considered. *Id*. "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must ask itself *could* these things have happened, not *did* they happen. The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 833 (7th Cir. 2015) (internal citations and quotation marks omitted).

### III. Analysis

Traffic Tech's primary argument for dismissing Kreiter's counterclaim is a factual one, arguing that Kreiter's calculation of his earned commission is "substantively inaccurate." [See 109, at 1.] In support of this argument, Traffic Tech submitted an exhibit detailing the alleged terms of Traffic Tech's commission program [see 109-1, at 1–2], as well as a series of spreadsheets compiling data regarding Kreiter's sales, salary, and expenses, and manipulating this data to calculate his monthly commissions earnings from November 2013 to August 2014. [See 109-2, at 1–10.] Traffic Tech's conclusion is that Kreiter didn't earn *any* commission during

3

this period, and thus Counts I and II of his counterclaim amount to "a preposterous and offensive slap in the face" that fail to state a claim upon which relief can be granted. [109, at 5.]

Traffic Tech's reliance on exhibits outside of the pleadings is improper at the motion to dismiss stage. Federal Rule of Civil Procedure 12(d) says that "[i]f, on a motion under Rule 12(b)(6) * * * matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Thus, the Court's options are either to ignore the exhibits (*i.e.*, strike them), or to convert the motion to a motion for summary judgment.

There is a narrow exception to this rule that allows a district court to consider documents at the motion to dismiss stage if they are referred to in the complaint and are central to the claim. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Wright v. Assoc. Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). A district court is also permitted to take judicial notice of public documents, including public court documents, while considering a motion to dismiss under Rule 12(b)(6). See *Pierce v. Ill. Dep't of Human Servs.*, 128 F. App'x 534, 536 n.1 (7th Cir. 2005) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

Here, Traffic Tech's commission structure does not fall within this narrow exception because it is not referred to in Kreiter's counterclaim (Kreiter refers only to his employment agreement, and the commission structure is not part of that agreement [see 80-1]), and because there is a dispute over whether it is central to Kreiter's claims (*e.g.*, whether this particular commission structure applied to Kreiter). In addition, the multiple spreadsheets purportedly detailing Kreiter's sales, salary, and expenses and calculating his earned commission clearly fall outside of the narrow exception to the rule. The proper methodology for calculating Kreiter's

earned commission and the variables that go into that calculation are disputed factual issues that will need to be addressed during discovery. And because the parties are already engaged in discovery on the remaining claims in this case, transitioning Traffic Tech's motion to a motion for summary judgment would not accelerate the resolution of this matter by any measurable degree. Accordingly, the Court concludes that the proper course of action is to strike these exhibits for purposes of Traffic Tech's motion to dismiss.

With its exhibits stricken, Traffic Tech's only remaining substantive arguments are aimed at Kreiter's arithmetic, claiming that he failed to provide "specifics about how [his] commission is calculated," including "all of the variables that go into determining if Kreiter's commission total actually exceeded his monthly earnings." [123, at 2.] But Kreiter has no duty to provide such information at the pleading stage. Kreiter has provided sufficient factual allegations to state plausible claims and to give Traffic Tech fair notice of what his claims are and the grounds upon which they rest. See *Erickson*, 551 U.S. at 93. Whose calculation is correct is a disputed issue of fact that cannot be resolved at the motion to dismiss stage.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff/Counter-Defendant Traffic Tech's motion to strike or dismiss Defendant/Counter-Plaintiff Kreiter's counterclaims [108] is denied.

Date: July 27, 2016

_____
Robert M. Dow, Jr.
United States District Judge